IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**COREY CHRISTY, Individually,**
**COREY CHRISTY, D.B.A., K&D**
**Oilfield Supply,**

    **Plaintiffs,**

V.                                                                      **Case No. 13CV0281 WJ/LFG**

**TRAVELERS PROPERTY AND CAUSALTY**
**INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE

**THIS MATTER** comes before the Court upon Traveler's Memorandum Motion to Bifurcate filed May 31, 2013 (**Doc. No. 16**). Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is DENIED.

### Background

This case arises out of a dispute over insurance coverage involving an incident in July 2010 in which Plaintiff Corey Christy was injured when he was struck by an uninsured motorist while riding his bicycle. Prior to the accident, Plaintiff Corey Christy had purchased an insurance police from Defendant Travelers. The policy stated the insured party was K & D Oilfield Supply, Plaintiff's business. Parties dispute whether the policy purchased for the company extended to injuries suffered personally by Plaintiff. Travelers denied Plaintiff's claim for uninsured motorist benefits stating that Plaintiff could not recover because he was not named

as the insured party on the policy.  Accordingly, Plaintiff filed the instant lawsuit seeking a declaratory judgment stating whether Plaintiff's injuries were covered by the policy.  In addition to the request for declaratory judgment, Plaintiff also brings claims for uninsured motorist benefits, violation of the Unfair Claims Practice Act & Insurance Bad Faith, Breach of Contract, and violation of the Unfair Trade Practices Act.  See **(Doc. No. 1-1)**, Second Amended Complaint.  Defendant requests that this Court bifurcate both trial and discovery regarding the declaratory judgment claim from all of Plaintiffs' other claims pursuant to Fed. R. Civ. P. 42.

## Discussion
### I.    Legal Standard

Fed. R. Civ. P. 42 states, in pertinent part, the following:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid
> prejudice, or when separate trials will be conducive to expedition and economy,
> may order a separate trial of any claim . . . or issue . . . .

Fed. R. Civ. P. 42(b).

A trial court has broad discretion in determining whether to bifurcate a trial or discovery. Easton v. City of Boulder, 776 F.2d 1441, 1447 (10th Cir.1985).  "[An] [appellate] court will not overturn the district court's bifurcation of the issues unless its decision constituted an abuse of discretion."  Palace Exploration Co. v. Petroleum Dev. Co., 316 F.3d 1110, 1119 (10th Cir. 2003). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." Angelo v. Armstrong World Industries, Inc., 11 F.3d 957, 964 (10th Cir. 1993).  Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims. See Mandeville v. Quinstar Corp., 109 Fed. Appx. 191, 194 (10th Cir. 2004).  "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." Angelo, 11 F.3d at 964.

Bifurcation under Rule 42(b) should not be ordered routinely unless it is clearly necessary. See Marshall v. Overhead Door Co., 131 F.R.D. 94, 98 (E.D. Pa 1990). The party seeking bifurcation bears the burden of proving that bifurcation is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." Belisle v. BNSF Ry. Co., 697 F.Supp.2d 1233, 1250 (D. Kan. 2010)[1]. Bifurcation under Rule 42(b) is inappropriate where evidence to be presented against the parties is inextricably linked. Certain Underwriters at Lloyd's, London, Subscribing to Policy No. 501/NB03ACMD v. Nance, CIV-04-0937 JB/WDS, 2007 WL 1302569 (D.N.M. Apr. 23, 2007) (citing FDIC v. Refco Grp., Ltd.,184 F.R.D. 623, 629 (D. Colo. 1999) (finding that bifurcation would have no effect on evidence offered at trial because claims and evidence were inextricably linked)).

**II.    Bifurcation of the coverage claim from the other claims in the case would not serve to lessen the delay, expense, or inconvenience of trial.**

Defendant's Motion focuses largely on the fact that disposing of the coverage issue would dispose of all of the remaining claims in this case, including Plaintiff's Unfair Trade Practices ("UPA") claim. Plaintiff asserts that his UPA claim would remain even if this Court were to find that Plaintiff's injuries were not covered under the policy. Neither party provided a citation for their stance on whether the UPA claim would survive if it was determined that Plaintiff's accident was not covered under the policy. However, it appears that the UPA claim would not survive if the coverage issue was resolved in Defendant's favor. See Charter Services v. Principal Mut. Life. Ins. Co., 868 P.2d 1307 (N.M. App. 1994) (finding that "absent any contractual obligation to pay under the policy, we do not believe the concept of bad faith comes into play."); see also Woodmen Acc. & Life. Ins. v. Bryant, 784 F.2d 1052 (10th Cir.1986)

---

[1] Defendant's Reply in Support of its Motion to Bifurcate notes that Plaintiff failed to demonstrate how judicial efficiency would be best served by continuing on without bifurcation. However, as noted above, the burden is on the party moving for bifurcation to show that bifurcation best serves judicial efficiency.

(holding that an insurer's denial of a claim because the policy did not cover it was not a "frivolous or unfounded refusal to pay," the legal standard for a bad faith claim).

The fact that a determination of the coverage issue would be dispositive of the remaining claims does not mandate bifurcation. Even where claims are dependent on one another, bifurcation is not appropriate where "both claims rely on the same factual underpinnings and are therefore not separable." See Crespin v. State Farm, CIV 10-881MCA/WDS, *16 (July 12, 2011) (holding that bifurcation was inappropriate even though the bad faith claim was dependent on the contract claim); see also The Marianist Province of the United States, Inc. v. ACE USA, No. 08-CV-01760-WYD-MEH, 2010 WL 2681760, *2 (D. Colo. July 2, 2010)(same).

Here, Defendant is asking the Court to bifurcate the coverage claim from all of the other claims. A determination of the coverage issue is essentially contract construction. See Essex Ins. Co. v. Vincent, 52 F.3d 894, 896 (10th Cir. 1995) ("A court interprets an insurance contract using traditional principles of contractual interpretation."). Presenting the coverage claim would entail presenting evidence regarding the formation of the contract, parties' intent at the time of the contract, and the terms of the contract. These are the exact considerations for the breach of contract and uninsured motorist benefits claims. Additionally, this evidence is also relevant to the unfair trade practices and bad faith claims. Evidence regarding the coverage issue would have to be presented twice if this matter were to be bifurcated. Accordingly, bifurcation of the coverage issue will not serve the interests of judicial efficiency.

**THEREFORE,**
**IT IS ORDERED**, that Defendant Travelers' Motion to Bifurcate (**Doc. No. 16**) is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE