IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COREY CHRISTY,

    Plaintiff,

v.                                                                              No. 13CV281 WJ/CG

TRAVELERS INDEMNITY COMPANY
OF AMERICA,

    Defendant.

## ORDER REFORMING POLICY

**THIS MATTER** comes before the Court upon Defendant's Additional Briefing Regarding the Proper Remedy in this Case, filed August 13, 2014 **(Doc. No. 62)** as well as Plaintiff's Remedy Brief, filed August 13, 2014 **(Doc. No. 63)**. Having considered the parties' briefs and the applicable law, the Court finds that the appropriate remedy in this instance is the reformation of the insurance policies between 2008-2010.

### Background

In 2007, Plaintiff purchased a commercial general liability insurance policy ("the Policy") from Defendant. The Policy designated "K & D Oilfield Supply" ("K & D") as the named insured and listed the "Form of Business" as "Individual" to reflect that the business was a sole proprietorship; Plaintiff is the owner of "K & D". The Policy insured a truck used for the business as a "covered auto." The Policy included uninsured motorist ("UM") endorsement in the amount of $1,000,000.00. In April 2008, K & D incorporated, naming Plaintiff and his wife as the officers of K & D Oilfield Supply, Inc. ("K & D, Inc."). From an insurance standpoint, a business operating as a sole proprietorship is different from a corporation, and the exposure for a

corporation is different than the exposure of an individual. Plaintiff did not inform Defendant of the change in K&D's status. On July 28, 2010, Plaintiff was riding his bicycle when he was struck by a vehicle operated by an underinsured motorist. The tortfeasor paid his policy limits of $25,000. Plaintiff also received $100,000 in UM coverage under his personal auto policy issued by Defendant. Plaintiff additionally made a claim to Defendant to recover under the UM provision of his commercial general liability insurance policy, claiming that he is a "Class 1" insured under the K & D Policy, which Defendant then denied. Defendant's denial of coverage led to the instant declaratory action.

Parties filed cross-motions for summary judgment, and the Court found in favor of Defendant. See (**Doc. No. 61**), entered July 30, 2014. Specifically the Court held, "Plaintiff had a duty to notify Defendant that his sole proprietorship had incorporated. Instead of meeting that duty, Plaintiff made a material misrepresentation which induced Defendant to renew its contract with Plaintiff from years 2008 to 2010." See id. However, the Court reserved ruling on the appropriate remedy for Plaintiff's material misrepresentation due to a lack of clarity in the briefing on the cross motions for summary judgment regarding the parties' stance on the issue of remedies. The Court ordered additional briefing on this issue.

In its brief, Defendant requests that the Court reform the Policy to reflect K&D Oilfield Supply, Inc. as the named insured from 2008 through 2010. Alternatively, Defendant states the Court should rescind the contract although Defendant makes clear rescission of the contract is not its preferred option. Plaintiff also prefers reformation over rescission of the contract, but Plaintiff asserts the Policy should be reformed to reflect two separate policies: a policy for K & D and a separate policy for Plaintiff individually. Plaintiff also states that rescission is a viable, although not preferable, remedy, but asserts that Plaintiff is entitled to a refund of the premiums

paid during the relevant time period if the contract is rescinded.

## Discussion

### I. Legal Standard

The New Mexico Supreme Court has held that either reformation or rescission of a contract may be an appropriate remedy in cases of material misrepresentation. State ex rel. State Highway & Transp. Dep't v. Garley, 1991-NMSC-008, ¶ 26, 111 N.M. 383, 806 P.2d 32. Chromo Mountain Ranch P'ship v. Gonzales, 1984-NMSC-058, 101 N.M. 298, 300, 681 P.2d 724, 726 ("If a party's manifestation of assent is induced by the other party's fraudulent misrepresentation as to the contents or effect of a writing evidencing or embodying in whole or in part an agreement, the court at the request of the recipient may reform the writing to express the terms of the agreement as asserted."). The New Mexico Supreme Court has also stated:

> It is well established in this jurisdiction, and generally, that a court of equity may grant reformation of a contract where either by mutual mistake of the parties, or through mistake on the part of one party and fraud or inequitable conduct on the part of the other party, the written instrument drafted to evidence a contract fails to express the real agreement and intentions of the parties

Buck v. Mountain States Inv. Corp., 1966-NMSC-090, 76 N.M. 261, 264, 414 P.2d 491, 493.

### II. Reformation is the Proper Remedy

Both parties agree that reformation of the contract is an acceptable remedy under New Mexico law. Further, both parties expressed a preference for reformation of the policy over rescission of the policy. Accordingly, the Court finds that reformation of the contract is the proper remedy. Thus, the only remaining consideration is the substance of the reformed policy. Defendant asks that the Court reform the Policy for the years 2008-2010 to reflect K&D, Inc. as the named insured. Plaintiff requests that a new policy be issued to the corporation and a separate new policy be issued to Plaintiff individually.

This issue has essentially already been resolved by the Court's findings in its Order

granting Defendant summary judgment. In the Order, the Court made the following relevant findings of fact and law:

    1.    "Had Plaintiff informed his agent or Defendant Travelers that his business had incorporated, Defendant would have cancelled and reissued the policy after evaluating whether the business met applicable underwriting guidelines and whether Defendant would insure the corporation. If so, Defendant and the agent would have issued a new policy designating the form of the business as a corporation. From an insurance standpoint, a business operating as a sole proprietorship is different from a corporation, and the exposure for a corporation is different than the exposure of an individual." **(Doc. No. 61)**, p. 3.

    2.    "Plaintiff would have had no chance at recovering any UM coverage had he updated his Policy to correctly reflect that K & D was now a corporation." Id., p. 5.

    3.    "Plaintiff made a material misrepresentation which induced Defendant to renew its contract with Plaintiff from years 2008 to 2010." Id., p. 12.

Plaintiff states that the true intent of the parties was to insure both Plaintiff individually as well as his business, whether it be a corporation or a sole proprietorship. However, this allegation is not supported by a review of the record. The original policy, contemplating a sole proprietorship, was in the name of the business rather than in Plaintiff's name as an individual. Further, the Policy is a commercial liability policy. It appears that Plaintiff being covered under the policy as the owner of the company was merely a collateral consequence of the business being a sole proprietorship rather than the parties' purpose in entering in to the policy contract. Further, Plaintiff misapprehends the undisputed material facts in this matter. Plaintiff contends it is undisputed that if he had told Defendant about his incorporation, Defendant would have canceled the policy for the sole proprietorship and inevitably reissued a corporate policy to the

corporation. This contention mischaracterizes the evidence; Defendant stated it would have canceled the policy for the sole proprietorship had it known about the incorporation, but reissuing a corporate policy would have been contingent upon 1) Plaintiff requesting such coverage; 2) the corporation meeting certain criteria for coverage. Plaintiff also alleges that had he no longer been covered under the corporate policy, he would have obtained additional insurance for himself personally. While Plaintiff's intent is apparently uncontested by Defendant, it does not demonstrate a meeting of the minds in regards to the purpose of purchasing the Policy. The fact that Plaintiff would have sought additional insurance had he been removed from the Policy does not show the parties contemplated both business and individual coverage for Plaintiff when originally issuing the policy. The final flaw with Plaintiff's requested relief is that it focuses on future policies rather than remedying his misrepresentation's effect on past policies. The Court cannot order Defendant to issue future policies to Plaintiff and/or his business. The question in the instant case was whether Plaintiff was entitled to coverage for the 2008 accident. Having found that Plaintiff was not entitled to coverage due to his own misrepresentation, the Court will not endorse Plaintiff's attempts to force Defendant into future contractual obligations.

      The Court finds the appropriate remedy in this case is reform the Policy from 2008-2010 to reflect K&D Oilfield Supply, Inc., as the named insured. This remedy corrects Plaintiff's failure to alert Defendant to the incorporation of his business, by correctly naming the business as a corporation during the relevant time period. Further, this remedy reflects the intention of the parties, because the original Policy named the business rather than Plaintiff individually. This Order only affects the policy at issue from 2008-2010. This Order does not prevent the parties from reaching future agreements about coverage for plaintiff and/or K&D Oilfield Supply, Inc.

nor does it require such future contracts.

**THEREFORE, IT IS ORDERED**, that the Policy (BA-7568L819) is hereby reformed to reflect K&D Oilfield Supply, Inc. as the insured from the 2008-2010. The Court shall enter a separate judgment consistent with this opinion.

_____
UNITED STATES DISTRICT JUDGE